UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| United States of America, | |
| Plaintiff, | Crim. No. 21-20747 |
| v. | Hon. Terrence G. Berg<br>U.S. District Judge |
| D-2 Kyle Kennard, | |
| Defendant. | |

## Government's Response Opposing Revocation of Detention Order

Defendant Kennard was indicted for a drug conspiracy involving 400 grams or more of Fentanyl, 500 grams or more or Methamphetamine, and also a quantity of cocaine and marijuana. Kennard was also indicted for Money Laundering.

The attached Written Proffer was filed prior to Kennard's detention hearing. See ECF No. 73, PageID. 119 – 152, attached as Exhibit 1. <u>The Government relies on the Written Proffer.</u>

As the Written Proffer demonstrates, Kennard was involved in vast quantities of Fentanyl. At his detention hearing, the Government presented evidence that Kennard had a leadership role in his Drug Trafficking Organization.

1

He possessed loaded firearms at the time of his arrest. Kennard has a criminal history that includes Larceny From a Person and Delivery of Controlled Substances. After a hearing, the Magistrate Judge detained Kennard because defendant is a danger to the community.

Moreover, this is a "presumption case;" under federal law, the defendant's detention is presumed. Defendant must rebut the presumption that he is a danger to the community and a risk of non-appearance. The defendant has not done so. There are still no conditions or combination of conditions that can adequately assure the safety of the community or assure his future appearance in court.

## **Presumption of Detention**

The Indictment charges defendant with drug conspiracy and money laundering conspiracy. If convicted, he faces a mandatory minimum ten (10) years' incarceration and a maximum of lifetime incarceration under the Controlled Substances Act. See 21 U.S.C. 841(a), 841(b) and 846.

Under these circumstances, 18 U.S.C. 3142 provides that a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the appearance of the defendant in court and the safety of the community.

Because of the seriousness of his charged fentanyl, methamphetamine and other drugs offense, and Kennard's prior drug felony, he faces a presumption of detention. 18 U.S.C. § 3142(e)(3)(A); *U.S. v. Stone*, 608 F.3d at 945 (6th Cir.

2

2010). That presumption imposes a burden of production on a defendant to offer at least some evidence that he is not a flight risk or danger to the community. *Stone*, 608 F.3d at 945. Even if a defendant satisfies that burden, the presumption of detention does not vanish. *Id.* The district court must still afford some weight to the presumption because it reflects Congress's judgment that "particular classes of offenders should ordinarily be detained prior to trial." *Id.*; *see also United States v. Lattner*, 23 F. App'x 363, 364 (6th Cir. 2001) (quoting *U.S. v. Martir*, 782 F.2d at 1144 (2d Cir. 1986)).

## Additional Analysis Favors Detention

The evidence concerning danger to the community is strong. Defendant has a serious criminal history.  He was on supervision at the time he committed the drug and money laundering conspiracies in this case.  The controlled substances in this case involve mammoth quantities of fentanyl, and methamphetamine and other drugs. This was a large quantity of particularly dangerous drugs vis-à-vis, say, marijuana.  (Defendant's conspiracy, however, did also involve marijuana).

Defendant's role was not minor. He supervised drug couriers, among other things.  Kennard isn't some kid with a dime bag.  Nor was Kennard a mere courier or "mule."  And his involvement was not an isolated event, but rather occurred numerous times.  He had multiple firearms at the time of his arrest.

Defendant is also a risk of non-appearance. He is facing at least 10 years' mandatory minimum incarceration in prison. *See* 21 U.S.C. § 841(b)(1)(A). Avoiding that relatively "lengthier sentence if convicted" provides a strong incentive for Kennard to flee. *United States v. Khraizat*, No. 00-2128, 2000 WL 1769637, at *2 (6th Cir. Nov. 17, 2000); *see also Namer*, 2000 WL 1872012, at *2 (finding that "the serious nature of the charges" and "the lengthy potential sentence faced by the defendant" both "weigh in support of detention"). And, as stated, he violated supervision before.

## Conclusion

Defendant has not rebutted the presumption of detention. Even if there was no presumption, the attached Written Proffer demonstrates by clear and convincing evidence that Kennard is dangerous. And he has incentive to flee. The Magistrate Judge properly weighed the relevant factors. This Court should deny defendant's motion to revoke his order of detention.

Respectfully Submitted,

DAWN N. ISON
United States Attorney

*s/David J. Portelli*
David J. Portelli (P40688)
Assistant United States Attorney
(313) 226-9711
Dave.portelli@usdoj.gov          Date: 03/16/2022

## CERTIFICATE OF SERVICE

I certify that on March 16, 2022, I electronically filed the foregoing Government's Response Opposing Revocation of Detention Order with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

Steven E. Scharg
Attorney for Defendant


*s/ David J. Portelli*
DAVID J. PORTELLI
ASSISTANT UNITED STATES ATTORNEY