UNITED STATES OF AMERICA
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                                                    Case No:  21-20747
                                                                      Hon:  Terrence G. Berg

D-1  CESAR GARCIA, et al,

      Defendant.
_____

## STIPULATION TO EXTEND PRETRIAL
## AND TRIAL DATES FOR 180 DAYS

By and through their respective counsel, **THE PARTIES STIPULATE** and agree that there is good cause to adjourn the pretrial and trial dates in this case from September, 2022 to March, 2023.

**IT IS FURTHER STIPULATED** that the time period, from September 1, 2022, through and including March, 2023, shall be deemed excludable delay under the provisions of the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A), that the ends of justice served by continuing the pretrial and trial dates outweigh the best interests of the public and Defendant in a speedy trial.

The parties stipulate and agree that an ends of justice continuance is appropriate for the following reasons:

1.    On December 14, 2021, there was a two-count Indictment filed charging defendants with  21 U.S.C. §§ 846, 841(a)(l) - Conspiracy to Possess with

Intent to Distribute  and to Distribute Controlled Substances; and 21 U.S.C. §§ 1956(a), 1956(h) - Conspiracy to Launder Monetary Instruments;

2.      Most defendants have been Arraigned and released on bond;

3.      Counsel for all parties and Assistant United States Attorneys have communicated regarding the case and agree that the current dates scheduling Pretrial for September 1, 2022 and Trial for September 16, 2022 will be difficult to defend with the amount of discovery still to be obtained and distributed to defense counsel.

4.      A discovery coordinator has been appointed and has already begun receiving discovery materials, but the materials are voluminous and require additional time to process.

5.      Also, please include AUSA Trevor Broad in your communications to the US Attorneys Office.

6.      to assist with the voluminous amount of discovery forthcoming;

7.      Overall, a continuance of the pretrial and trial dates are necessary to allow the parties time to review the voluminous discovery that has been tendered and the discovery which has yet to be obtained and provided to all defense counsel, and time to review with their clients.  The ends of justice served by continuing the pretrial and trial dates outweigh the best interests of the public and defendants in a speedy trial. 18 U.S.C. § 3161(h)(7)(A).

8.     The parties also stipulate and agree that this stipulation and order resulting therefrom shall not affect any previous order of pretrial detention or pretrial release.

9.     Accordingly, the parties request that the Court find that, under the Speedy  Trial Act, 18 U.S.C. § 3161(h)(7)(A), the period of delay, as a result of the continuance, shall be excluded in computing the time for trial.

Furthermore, the parties stipulate and agree to the following:

10.     The unprecedented and exigent circumstances created by COVID-19 and related coronavirus health conditions have created a health emergency throughout the United States and numerous foreign countries that has resulted in widespread societal disruption.  Also, Covid has complicated the parties' efforts at meeting with witnesses and clients.

11.     On March 13, 2020, this Court postponed indefinitely most in-court proceedings, including trials, before district judges and magistrate judges in the Eastern District of Michigan in all criminal (and civil) cases and matters.  *See* Administrative Order 20-AO-021.   Since then, the Court has issued many Administrative Orders establishing new and alternative procedures for Court operations.   The Court has only recently begun to schedule some in-person criminal proceedings and jury trials.  However, as of now, the number of in-person court appearances and jury trials is limited.   As a result, failure to grant a continuance could lead to the dismissal of charges and thereby make a continuation

of the proceeding impossible and result in a miscarriage of justice. *See* 18 U.S.C. § 3161(h)(7)(B)(i).

12.    Although the court has issued a blanket determination of excludable delay for Speedy Trial purposes in 20-AO-39, the parties submit additional case-specific reasons, as discussed above, to supplement the reasons relied upon by the court in issuing that Order and request this Court to make case-specific findings supporting a determination of excludable delay.

**SO STIPULATED.**

s/ *David Portelli*
David Portelli
Assistant United States Attorneys
313-226-0214
David.portelli@usdoj.gov

s/*Ellen Michaels*
Ellen Michaels
Attorney for D-1 Cesar Garcia
(248) 202-3345
emichaelsatty@gmail.com

s/*Todd Perkins*
Attorney for D-3 Leo Todd
(313) 964-1702
tperkins@perkinslawgroup.net

s/*Frank Becker*
Attorney for D-5 Perise Smith
(248) 789-2437
frankgbecker@yahoo.co

s/*Robert C. Hernandez*
Attorney for D-8 Ismael Rodriguez
455 W. Paseo Redondo
Tucson, AZ 845701
(520) 882-8823

s/ *David S. Steingold* (with consent)
David S. Steingold
Attorney for D-6 Jalin Gardner
(313) 962-0000
detroitdefender@yahoo.com

s/*Steven Scharg*
Attorney for D-2 Kyle Kennard
(313) 962-4090
Scharg1924@gmail.com

s/*Bertram L. Johnson*
Attorney for D-4 Corderalla Campbell
(313) 598-4193
warrioratlaw313@aol.com

s/*Stephen Ralls*
Attorney for D-7 Marcos Monarrez
314 S. Sixth Ave.
Tucson, AZ 85701
(520) 884-1234

s/*Lillian Diallo*
Lillian Diallo
Attorney for D-9 Kapri Oldham
(313) 965-6633
liliandiallo@sbcglobal.net

*s/Margaret Raben*
Margaret Raben
Attorney for D-11 Brianna Blake
(313) 628-4708
msraben@aol.com

*s/Edward Bajoka*
Edward Bajoka
Attorney for D-12 Darrion Washington
(844) 422-5652
bajokalaw@gmail.com

*s/ Trevor Broad*
Trevor Broad
Assistant United States Attorneys
Trevor.Broad@usdoj.gov

*s/Lisa Dwyer*
Lisa Dwyer
Attorney for D-13 Cateasha Wells-Ivy
(313) 510-2793
Dwyerl247@aol.com

*s/Sanford A. Schulman*
Attorney for D-10 Ramika Boaze
500 Griswold Street
Suite 2340
Detroit, MI 48226
(313)963-4740
saschulman@comcast.net

Dated:  August 9, 2022

UNITED STATES OF AMERICA
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

     Plaintiff,

v.

D-1  CESAR GARCIA, et al

     Defendants.

Case No:  21-20747
Hon:  Terrence G. Berg

---

**ORDER TO CONTINUE PRETRIAL AND TRIAL DATES**

The Court, having been fully advised by the respective parties, states as follows:

**IT IS ORDERED** that the pretrial and trial dates be continued from September 1, 2022, to March 2023.

**IT IS FURTHER ORDERED** that the time period from September 1, 2022, through and including March 2023, shall be deemed excludable delay under the provisions of the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A), that the ends of justice served by continuing the pretrial and trial dates outweigh the best interests of the public and Defendant in a speedy trial. The Court does find that an ends of justice continuance is appropriate for the following reasons:

1.    On December 14, 2021, there was a two-count Indictment filed charging defendants with  21 U.S.C. §§ 846, 841(a)(l) - Conspiracy to Possess with

Intent to Distribute and to Distribute Controlled Substances; and 21 U.S.C. §§ 1956(a), 1956(h) - Conspiracy to Launder Monetary Instruments;

Most defendants have been Arraigned and released on bond;

2.      Counsel for all parties and Assistant United States Attorneys have communicated regarding the case and agree that the current dates scheduling Pretrial for September 1, 2022 and Trial for September 16, 2022 will be difficult to defend with the amount of discovery still to be obtained and distributed to defense counsel.

3.      The parties are also arranging for the appointment of a discovery coordinator to assist with the voluminous amount of discovery forthcoming;

4.      Overall, a continuance of the pretrial and trial dates are necessary to allow the parties time to review discovery which has yet to be obtained and provided to all defense counsel, and time to review with their clients.  The ends of justice served by continuing the pretrial and trial dates outweigh the best interests of the public and defendants in a speedy trial. 18 U.S.C. § 3161(h)(7)(A).

5.      The parties also stipulate and agree that this stipulation and order resulting therefrom shall not affect any previous order of pretrial detention or pretrial release.

6.      Accordingly, the parties request that the Court find that, under the Speedy  Trial Act, 18 U.S.C. § 3161(h)(7)(A), the period of delay, as a result of the continuance, shall be excluded in computing the time for trial.

Furthermore, the parties stipulate and agree to the following:

7.      The unprecedented and exigent circumstances created by COVID-19 and related coronavirus health conditions have created a health emergency throughout the United States and numerous foreign countries that has resulted in widespread societal disruption.  Also, Covid has complicated the parties' efforts at meeting with witnesses and clients.

8.      On March 13, 2020, this Court postponed indefinitely most in-court proceedings, including trials, before district judges and magistrate judges in the Eastern District of Michigan in all criminal (and civil) cases and matters.  *See* Administrative Order 20-AO-021.   Since then, the Court has issued many Administrative Orders establishing new and alternative procedures for Court operations.   The Court has only recently begun to schedule some in-person criminal proceedings and jury trials.  However, as of now, the number of in-person court appearances and jury trials is limited.   As a result, failure to grant a continuance could lead to the dismissal of charges and thereby make a continuation of the proceeding impossible and result in a miscarriage of justice.  *See* 18 U.S.C. § 3161(h)(7)(B)(i).

9.      Although the court has issued a blanket determination of excludable delay for Speedy Trial purposes in 20-AO-39, the parties submit additional case-specific reasons, as discussed above, to supplement the reasons relied upon by

the court in issuing that Order and request this Court to make case-specific findings

supporting a determination of excludable delay.

**SO ORDERED.**

_____

TERRENCE G. BERG
UNITED STATES DISTRICT COURT JUDGE

Date Entered: _____